IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY RADICE <br> 5609 Mapleleaf Drive <br> Austin, Texas   78723 <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY <br> George Bush Center for Intelligence <br> 1000 Colonial Farm Road <br> McLean, VA 22101 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 22-cv-2496 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**I. INTRODUCTION**

1.  Plaintiff Jeffrey Radice ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Central Intelligence Agency (hereinafter "CIA") in failing to provide Plaintiff with all non-exempt records pursuant to his July 5, 2021 FOIA request sent to this federal agency, seeking copies of agency records regarding a deceased individual identified as Werner Stiller.

**II. JURISDICTION**

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Jeffrey Radice, is a documentary film maker, whom at all times relevant herein, has resided in Austin, Texas.

5.  Defendant Central Intelligence Agency is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about July 5, 2021, Plaintiff sent a FOIA request to the Central Intelligence Agency (CIA), seeking copies of agency records pertaining to a deceased individual identified as Werner Stiller.

14. On or about July 13, 2021, the CIA sent Plaintiff a letter, confirming the

agency's receipt of Plaintiff's July 5, 2021, FOIA request, and assigning it as CIA FOIA reference number F-2021-02019.

15.  On or about June 24, 2022, Plaintiff sent the CIA a letter, requesting the status of his July 5, 2021, FOIA request, and the date by which he could expect to receive the records which he had requested.

16.  On or about July 11, 2022,  the CIA sent a letter to Plaintiff , indicating that the agency's estimated date of completion for Plaintiff's July 5, 2021, FOIA request was February 8, 2024.

17.   As of the date of the filing of this action Plaintiff has not received a final decision from the CIA, nor any of the records that he requested in his July 5, 2021 FOIA request referenced above.

## VII. FOIA VIOLATION CLAIMS

18. Plaintiff realleges, as if fully set forth herein, paragraphs 1-17 previously set forth herein.

19.  Defendant CIA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his July 5, 2021, FOIA request, and by failing to complete an adequate search reasonably calculated to locate all responsive records to the  July 5, 2021, FOIA request referenced above.

20.  By failing to provide Plaintiff with all non-exempt responsive record to his July 5, 2021, FOIA request as described in paragraph 13, and by failing to perform an

adequate search for responsive records, Defendant CIA has denied Plaintiff's right to this information, as provided by the law under the Freedom of Information Act.

21. Defendant CIA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 5, 2021, FOIA request.

22. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 5, 2021, FOIA request, Defendant CIA has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

23. Unless enjoined by this Court, Defendant CIA will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

24. Plaintiff is directly and adversely affected and aggrieved by Defendant CIA's failure to provide responsive records to his FOIA request described above.

25. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

26. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for

Plaintiff providing the following relief:

1.  Declare Defendant Central Intelligence Agency has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his July 5, 2021, FOIA request.

2. Declare Defendant Central Intelligence Agency has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's July 5, 2021, FOIA request.

3. Direct by injunction that Defendant Central Intelligence Agency perform an adequate search for records responsive to his July 5, 2021, FOIA request and provide Plaintiff with all non-exempt responsive records to his July 5, 2021, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

Respectfully submitted this 19th day of August, 2022.

 /s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**